**United States District Court**

For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   NORTEK PRODUCTS (TAICHANG)              No. C-10-0810 MMC
     LIMITED, a People's Republic of China
12   corporation, NORTEK PRODUCTS            **ORDER GRANTING DEFENDANT'S**
     LIMITED, a Hong Kong corporation,       **ALTERNATIVE MOTION TO TRANSFER**
13   CUSTOMER CARE LTD., a British Virgin     **VENUE; TRANSFERRING ACTION TO**
     Island corporation, and NORWOOD         **NORTHERN DISTRICT OF ILLINOIS;**
14   INDUSTRIES, LIMITED, a British Virgin    **VACATING MAY 7, 2010 HEARING**
     Island corporation,
15
                    Plaintiffs,
16
           v.
17
     FAIP NORTH AMERICA, INC. d/b/a O.E.M.
18   INDUSTRIES INC. d/b/a SIMPSON DELCO
     LLC, an Illinois Corporation.
19
                    Defendant
20                                                  /

21

22         Before the Court is defendant FAIP North America, Inc.'s ("FAIP") "Motion to

     Dismiss or, in the Alternative, to Transfer Venue," filed March 15, 2010.  Plaintiffs Nortek
23
     Products (Taichang) Limited, Nortek Products Limited, Customer Care Ltd., and Norwood
24
     Industries Limited have filed opposition, to which FAIP has replied.  Having read and
25
     considered the papers filed in support of and in opposition to the motion, the Court deems
26
     the matter suitable for decision on the parties' respective papers, VACATES the hearing
27
     scheduled for May 7, 2010, and rules as follows.
28

1

**BACKGROUND**

2      Plaintiffs, each of which is citizen of a country other than the United States, allege

3  that FAIP, a citizen of Illinois, has "contracted with [p]laintiffs to manufacture certain

4  products including pressure water cleaners and component parts and accessories," which

5  are sold by FAIP.  (See Amended Complaint ("AC") ¶ 8.)  Pursuant to the parties'

6  contractual relationship, the parties executed a written agreement dated October 10, 2008

7  and titled "Nondisclosure, Noncompetition and Nonsolicitation Agreement" ("NDA").  (See

8  AC Ex. A.)  Plaintiffs allege that on November 16, 2009, FAIP "sent an e-mail to [p]laintiffs

9  in which [FAIP] informed [p]laintiff[s] that [plaintiffs] could not sell electric pressure washers

10  to a Mexico company named Knova due to a 'non compete agreement that covers all of

11  North America'" (see AC ¶ 24), and that on November 17, 2009, FAIP "sent an e-mail to

12  [p]laintiffs in which [FAIP] informed [p]laintiffs that it would enforce the non-solicitation

13  provision of the NDA against [p]laintiffs including filing a civil action and seeking an

14  injunction."  (See AC ¶ 25.)[1]

15      By the instant action, plaintiffs seek declaratory relief (see AC at 6:11-13),

16  specifically, a declaration that the "non-solicitation and non-competition" provisions

17  contained in the NDA are unenforceable (see AC ¶ 27), and that such provisions "only

18  apply to specific 'licensed products' and do not encompass all products in the pressure

19  washer field" (see AC ¶ 31).  Additionally, plaintiffs seek issuance of an injunction (see AC

20  at 6:14-19) prohibiting FAIP from enforcing the non-solicitation and non-competition

21  provisions against plaintiffs (see AC ¶ 34).

22

**DISCUSSION**

23      "For the convenience of parties and witnesses, in the interest of justice, a district

24  court may transfer any civil action to any other district or division where it might have been

25  brought." 28 U.S.C. § 1404(a).  FAIP argues that the instant action should be transferred,

26  pursuant to 28 U.S.C. § 1404(a), to the Northern District of Illinois.

27

28      [1]The AC does not allege the conduct on the part of plaintiffs that precipitated the sending of said e-mails.

1      At the outset, the Court finds that plaintiffs could have filed the instant action in the

2   Northern District of Illinois, because FAIP resides in that district.  See 28 U.S.C.

3   § 1391(a)(1) (providing diversity action may be brought in district where defendant resides).

4      The Court next considers the question of convenience.  "A motion to transfer venue

5   under §1404(a) requires the court to weigh multiple factors in its determination whether

6   transfer is appropriate in a particular case."  Jones v. GNC Franchising, Inc., 211 F. 3d

7   495, 498 (9ᵗʰ Cir.), cert. denied, 531 U.S. 928 (2000).  In Jones, the Ninth Circuit provided a

8   list of non-exclusive factors a district court may consider: "(1) the location where the

9   relevant agreements were negotiated and executed, (2) the state that is most familiar with

10  the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts

11  with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen

12  forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of

13  compulsory process to compel attendance of unwilling non-party witnesses, and (8) the

14  ease of access to sources of proof."  See id. at 498-99.  The Court addresses the relevant

15  factors in turn.

16     First, FAIP offers evidence, undisputed by plaintiffs, that none of the parties'

17  contractual negotiations occurred in California, that "some communication involved email

18  and/or telephonic communication," that "final negotiations occurred in Elk Grove Village,

19  Illinois" (see Alexander Decl. ¶ 6), and that "all major decisions relating to the business

20  relationships with . . . the [p]laintiffs were made at FAIP's headquarters in Elk Grove

21  Village, Illinois" (see id. ¶ 9).  Further, there is no evidence that either party has performed

22  in California any obligation owed under the parties' contracts.  Accordingly, the first factor

23  weighs in favor of transfer.

24     Second, the parties have contractually agreed that Illinois law governs the NDA,

25  (see AC Ex. A ¶ 10); consequently, the state most familiar with the governing law is Illinois.

26  Accordingly, the second factor weighs in favor of transfer.

27  //

28  //

1    Third, plaintiffs are not citizens of California; rather, one is a citizen of the People's

2    Republic of China, one is a citizen of Hong Kong, and two are citizens of the British Virgin

3    Islands.  (See AC ¶¶ 1-4.)  Nor do plaintiffs allege or assert that any plaintiff has an office in

4    California, owns any property located in California, or has a license to do business in

5    California.  Further, the sole alleged basis for the existence of a justiciable controversy is

6    that, according to plaintiffs, FAIP has threatened to sue plaintiffs if plaintiffs attempt to do

7    business with a company located in Mexico (see AC ¶¶ 24, 25), and none of the events

8    relevant to such controversy are alleged to have occurred in California.  Under such

9    circumstances, plaintiffs' choice of a California forum is entitled to "little deference."  See

10   Vivendi SA v. T-Mobile USA Inc., 586 F.3d 689, 693 (9th Cir. 2009) (holding district court

11   did not err in giving foreign corporation's choice of Washington forum "little deference"

12   where action "related to European transactions"); Lou v. Belzberg, 834 F.2d 730, 739 (9th

13   Cir. 1987) (holding where "operative facts have not occurred within the forum and the

14   forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to

15   only minimal consideration").  Accordingly, the third factor weighs, at best, only slightly

16   against transfer.

17   With respect to the fourth factor, plaintiffs, as noted above, neither own property nor

18   do business in California, nor do plaintiffs allege or offer any evidence to support a finding

19   that any plaintiff or FAIP has any direct contacts with California.  Although plaintiffs have

20   shown that when they ship goods to the United States on behalf of FAIP, some of those

21   goods have "passed through California ports" (see Chen Decl. ¶¶ 3, 6), and that some

22   retailers, such as Lowe's, sell FAIP products at stores in California, (see id. ¶ 7), any such

23   contacts with California are not attributable to plaintiffs or FAIP, but, rather, to non-parties,

24   specifically, shippers and retailers.[2]  According, the fourth factor weighs in favor of transfer.

25   Next, there is no assertion that the operative facts pertaining to the issue of whether

26   plaintiffs have violated the "non-solicitation and non-competition" provisions in the NDA

27

28       [2]The instant action does not involve any issue concerning plaintiffs' manner of
shipping goods or FAIP's sale of goods to nationwide retailers.

4

1   arise from events occurring in California.  Similarly, to the extent that any factual showing is

2   necessary to demonstrate such provisions either are or are not enforceable, there is no

3   assertion that any such facts arise from any event occurring in California.  Accordingly, the

4   fifth factor weighs in favor of transfer.

5           With respect to the next factor, differences in the costs of litigation, plaintiffs note

6   that Karen Chen ("Chen"), plaintiffs' principal, resides in China; consequently, plaintiffs

7   assert, plaintiffs will have "increased travel costs and time" if the matter is transferred to

8   Illinois, (see Chen Decl. ¶ 10), and, in addition, if plaintiffs hire "Illinois-based litigation

9   attorneys," plaintiffs will have "fewer mutual daylight hours" to discuss matters with counsel

10  (see id. ¶ 10).  Plaintiffs' showing as to this issue is unpersuasive.  To the extent Chen is

11  required to travel from China to a court in the United States, or any employee in China

12  needs to discuss matters with counsel in the United States, the distance and/or time

13  difference between California and Illinois is unlikely to cause any significant increase in

14  costs to plaintiffs.  By contrast, the costs incurred by FAIP, which, as noted, resides in

15  Illinois, likely would increase significantly if it is required to defend in California.

16  Accordingly, the sixth factor weighs in favor of transfer.

17          As to the seventh factor, plaintiffs do not identify any non-party witnesses, let alone

18  a non-party witness that could be compelled to testify in California but not in Illinois.

19  Although FAIP has identified three non-party witnesses who reside in Illinois, each of

20  whom is a former employee whose testimony, according to FAIP, is "vital to FAIP's

21  defenses and potential counterclaims" (see Alexander Decl. ¶ 11), FAIP does not contend

22  that any such non-party witness would refuse to testify at a trial in California, nor does

23  FAIP explain why any such witness's testimony could not be taken at a deposition and

24  offered at trial.  See Fed. R. Civ. P. 32(a).[3]  Accordingly, the seventh factor weighs neither

25

26          [3]Because FAIP has not provided any details as to the expected testimony of its non-
    party witnesses, the Court cannot determine whether the absence of live testimony by such
27  witnesses is likely to prejudice FAIP.  See, e.g., Brandon Apparel Group, Inc. v. Quitman
    Manufacturing Co., 42 F. Supp. 2d 821, 834 (N.D. Ill, 1999) (holding, where party did not
28  provide court with information necessary to evaluate nature and quality of non-party
    witnesses' expected testimony, party failed to establish factor weighed in favor of transfer).

1  in favor of nor against transfer.[4]

2  The eighth and final factor identified in <u>Jones</u> is the ease of access to proof in the

3  respective forums.  Both parties address FAIP's documentary evidence with respect to this

4  factor.  Specifically, FAIP states it has "voluminous business records" in Illinois (<u>see</u> Def.'s

5  Mem. in Support of its Mot. at 6:15-17); FAIP has not shown, however, that it would suffer

6  any hardship if it were required to produce and/or use those records at a trial in this district.

7  Plaintiffs, for their part, do not contend it would more difficult for plaintiffs to access

8  necessary documents in Illinois rather than in this district.  Accordingly, the eighth factor

9  weighs neither in favor of nor against transfer.

10  In sum, five of the above-discussed factors weigh in favor of transfer, one factor

11  weighs, at best, only slightly against transfer, and the remaining two factors weigh neither

12  in favor of nor against transfer.  Significantly, no factor weighs substantially in favor of the

13  action proceeding in the Northern District of California, given that none of the parties

14  resides in this district, that none of the events giving rise to the dispute occurred in this

15  district, that no potential witness resides in this district, and that no party has identified any

16  potential evidence located in this district.  Accordingly, the Court finds it appropriate to

17  transfer the instant action to the Northern District of Illinois.[5]

18  //

19  //

20  //

21  //

22  //

23  //

24

25  [4]Plaintiffs state they intend to call Chen, their principal, as a witness, while FAIP
26  states it intends to offer the testimony of its principal and also the testimony of six
   employees.  "[T]he convenience of employee-witnesses," however, "is generally assigned
27  little weight."  <u>See</u> <u>id.</u>

28  [5]In light of this finding, the Court does not address herein FAIP's argument that the
   instant action is subject to dismissal for lack of personal jurisdiction.

6

1

**CONCLUSION**

2          For the reasons stated above, to the extent FAIP's Motion to Dismiss or, in the

3    Alternative, to Transfer Venue seeks an order of transfer, the motion is hereby GRANTED,

4    and the instant action is hereby TRANSFERRED to the Northern District of Illinois pursuant

5    to 28 U.S.C. § 1404(a).

6          **IT IS SO ORDERED.**

7

8    Dated: May 4, 2010

MAXINE M. CHESNEY
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28